OPINION
{¶ 1} David Hamilton is appealing pro se from the judgment of the trial court, adopting a magistrate's decision, that Hamilton brought his complaint against Amazon.com, Inc. "in the wrong venue." Hamilton had filed his lawsuit pro se in the Dayton Municipal Court alleging various grievances against Amazon.com., Inc. One of the issues for the court was whether Hamilton was bound by a forum-selection clause in the various on-line terms that Amazon.com, Inc. has set forth for anyone using their website to order products through them. One of the terms was that a user was obligated to seek redress only in the State of Washington, where Amazon.com, Inc. is headquartered. The magistrate and the court obviously ruled that Hamilton could not file an action in the Dayton Municipal Court against Amazon.com, Inc. because he was bound by the company's forum-selection clause.
 {¶ 2} Hamilton timely appealed this decision. The problem with this appeal, however, is that he did not file any objections to the magistrate's decision as required by Civ.R. 53(E)(3)(b) which states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See State ex rel. Booher v.Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, in which the Ohio Supreme Court held that the appellant's failure to file objections in accordance with Civ.R. 53(E) precluded assigning error on appeal and requires the affirmance of the judgment. We have followed this rule in the past and have stated that "we understand the reason for this rule to be that because the ultimate outcome of any proceeding in the trial court is the responsibility of the trial judge, who has been duly elected or appointed in accordance with Article IV Section 6(A)(3) or Section 13 of the Ohio Constitution, any alleged imperfection in a deliberation that has been entrusted by the trial judge to a magistrate ought first to be brought to the attention of the trial judge, who should have an opportunity to correct the error before rendering judgment in the matter."Swartzbaugh v. Swartzbaugh (Apr. 14, 2000), Montgomery App. No. 17855, unreported. Rapp v. Michael (June 22, 2001), Clark App. No. 2000-CA-70.
 {¶ 3} Due to his failure to comply with the Rules of Civil Procedure by objecting to the magistrate's report, the two errors he assigned on appeal are not cognizable by this court. The two assignments of error are overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.